UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 26-61792-CIV-SINGHAL

ROSARIO ESPERANZA ROSALES-FULEZ,

     Petitioner,

v.

GARRETT RIPA, Miami Field Office Director,
Enforcement and Removal Operations,
Immigration and Customs Enforcement, *et al.*,

     Respondents.
_____/

## ORDER

**THIS CAUSE** is before the Court on Petitioner's Emergency Moton for Reconsideration (the "Motion") (DE [7]) of the Court's Order transferring this action to the Western District of Louisiana (DE [6]). The Court has considered the Motion and the accompanying exhibits and remains convinced that the Western District of Louisiana is the proper forum to hear the Petition. Accordingly, the Motion is denied.

I.     BACKGROUND

On June 25, 2026, Petitioner filed a Verified Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, alleging that Respondents failed to comply with binding regulations governing the revocation of her Order of Supervision. (DE [1]). In her Petition, Petitioner claimed that she was detained by Immigration and Customs Enforcement ("ICE") on June 24, 2026, and initially held at the ICE ERO Miramar Field Office located in Miramar, Florida. *Id.* ¶¶ 4-5. Petitioner has since been moved to Richwood Correctional Center, in Richwood, Louisiana. (DE [5] p. 2).

It is well-established, and Petitioner does not dispute, that the proper jurisdiction

for a petition for writ of habeas corpus is the "district of confinement." *Rumsfeld v. Padilla*, 542 U.S. 426, 447 (2004). And the "district of confinement" is the district the detainee was located at the time the petition is filed. *See Diaz v. United States*, 580 Fed. Appx. 716, 717 (11th Cir. 2014). Based on Petitioner's own statement that "[i]n the hours following her detention" on June 24, 2026, "Petitioner did not appear in ICE's Online Detainee Locator System" until she appeared at the Richwood Correctional Center, the Court logically concluded that Petitioner was already in transit out of this District prior to filing her Petition. (DE [6]). Thus, the Court concluded that the Western District of Louisiana, where Richwood is located, is the proper forum to adjudicate the Petition. *Id.*

Petitioner now maintains that the Court's decision was based on a manifest error of fact. (DE [7] p. 1). According to Petitioner, the record clearly establishes that she was located within the jurisdictional reach of this Court at the time she filed her Petition on June 25, 2026.[1] *Id.* Thus, Petitioner argues, the Court committed an "error of apprehension" in concluding that she was already in transit out of this District. *Id.* p. 2.

## II.    LEGAL STANDARD

Reconsideration of a prior order is an extraordinary remedy and should be employed sparingly. *See, e.g., Hayden v. Urvan*, 2022 WL 18956204, at *3 (S.D. Fla. Dec. 13, 2022) (citations omitted); *Am. Ass'n of People with Disabilities v. Hood*, 278 F. Supp. 2d 1337, 1339–40 (M.D. Fla. 2003). The decision whether to alter or amend a judgment pursuant to Rule 59(e) is "committed to the sound discretion of the district judge." *Mincey v. Head*, 206 F.3d 1106, 1137 (11th Cir. 2000) (citation omitted).

"The only grounds for granting a motion for reconsideration 'are newly-discovered

---

[1] The Petition (DE [1]) was filed at 6:18 p.m. EDT on June 25, 2026.

evidence or manifest errors of law or fact.'" *United States v. Dean*, 838 Fed. Appx. 470, 471–72 (11th Cir. 2020) (quoting *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (per curiam)). The moving party bears the burden of setting forth "facts or law of a 'strongly convincing nature' to induce the court to reverse its prior decision." *Williams v. Cruise Ships Catering & Serv. Int'l, N.V.*, 320 F. Supp. 2d 1347, 1358 (S.D. Fla. 2004).

III.     DISCUSSION

Petitioner takes no issue with the Court's legal analysis in ordering the Petition transferred to the Western District of Louisiana. Rather, Petitioner insists that the Court's conclusion that she was no longer in this District at the time the Petition was filed was an "error of apprehension." (DE [7] p. 2). In support, Petitioner has put forth additional evidence which she suggests confirms her location in this District at the relevant time. Putting aside that the Court's "apprehension" of the facts was of Petitioner's own making, the additional evidence fails to set forth facts of a "strongly convincing nature" that Petitioner was not already located in the Western District of Louisiana at the time the Petition was filed.

Petitioner was detained by ICE on June 24, 2026, and initially held at the ICE ERO Miramar Field Office, which she alleges is "not a designated detention facility." (DE [1] ¶¶ 4-5). On June 25, 2026 (the day the Petition was filed), ICE's Online Detainee Locator System did not provide Petitioner's "Current Detention Facility." (DE [7-1]). Instead, the tool directed viewers to "Call ICE For Details." *Id*. Then, on June 26, 2026, the Online Detainee Locator System listed Petitioner's Current Detention Facility as Richwood Correctional Center. (DE [7-2]).

Petitioner argues that because the online system "listed Petitioner in ICE custody managed by the Miami ERO Docket Control Office, with no detention facility outside this

District identified" as of June 25, 2026, the Court should infer that she remained at the Miramar Field Office at the time the Petition was filed. (DE [7] p. 2). But even on June 26, 2026, when it is undisputed that Petitioner was detained at Richwood Correctional Center, the Online Detainee Locator System continued to display her case under the management of the Miami ERO Docket Control Office. (DE [7-2]). Therefore, at least in this case, it appears that the assigned ERO Office has absolutely nothing to do with Petitioner's physical location.

Taken together, the record before the Court does not evidence a "manifest error of fact" warranting the "extraordinary remedy" of reconsideration of the Court's prior Order. *See Hayden*, 2022 WL 18956204, at *3-4. Nor is reconsideration necessary to "prevent manifest injustice." (DE [7] p. 2). Nothing in the Court's Order transferring this case addressed the merits of the Petition, and Petitioner may fully advance her claims in a competent federal court. It is therefore

**ORDERED AND ADJUDGED** that Petitioner's Emergency Motion for Reconsideration (DE [7]) is **DENIED**.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 29th day of June 2026.

_____
RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies furnished counsel via CM/ECF